ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiff
LAWRENCE BRADFORD, on behalf
of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BRADFORD, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHEM, INC.; ANTHEM UM SERVICES, INC.,<br><br>    Defendants.<br>_____ | Case No.: 2:17-cv-5098 AB (KSx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br>Complaint Filed: July 11, 2017 |

Subject to the approval of this Court, Plaintiff LAWRENCE BRADFORD, on the one hand, and Defendants ANTHEM, INC. and ANTHEM UM SERVICES, INC., on the other, stipulate as follows:

1.     Good Cause Statement

This action is likely to involve production of personal health information and other valuable commercial, financial, trade secret and/or proprietary business information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.     A document constitutes or contains "Confidential Material" when it has been given that designation by the party producing it or by the party to whom the information relates ("the Designating Party"). A party or nonparty may designate documents or information as "Confidential Material" as follows:

1

a.	In the case of documents and information contained in documents, designation must be made by placing the following legend on each page of the document before production**:**

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

b.	In the case of discovery responses and information contained in discovery responses, designation must be made by (i) placing a statement at the start or end of the responses specifying that the responses, or part of the responses, are designated Confidential Material, and (ii) placing the following legend on each page (including the caption page) of any discovery response containing designated Confidential Material**: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

c.	In the case of depositions and hearings, designation of the portions of the transcript (including exhibits) that contain Confidential Material must be made by the Designating Party by: (i) making a statement to that effect on the record in the course of the deposition or hearing; or (ii) sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 45 days of receipt of the transcript of the hearing (in the event of a hearing). Once designated, the original and each copy of the transcript that contains Confidential Material must bear (or must be modified by counsel to bear) the following legend on its cover: **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

3.	For purposes of this Order, "Confidential Material" includes the following types of documents and information:

a.	information that is proprietary or constitutes a trade secret, including, without limitation, information, materials, and other documents reflecting non-public business or financial  strategies  and confidential  competitive information that, if disclosed, could result in prejudice or harm to the disclosing  party;

b.	non-public financial or business information;

c.      non-public communications with regulators, Departments of Insurance, or other governmental bodies that are intended to be kept confidential or are protected  from disclosure by statute or regulation; and

d.      policyholder-specific information, including private medical information.

3.1     Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate Confidential Material as defined above will also be treated as Confidential Material under this Order.

3.2     Nothing in this Order will be construed as requiring Defendant to produce any personal or identifying information regarding any individual or any other policyholder, nor policyholder information that is protected from disclosure under applicable state or federal law.

4.      Confidential Material may be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. For the purpose of conducting this litigation, Confidential Material may be used by, copied by, exhibited to, or disclosed to the following persons or entities only:

a.      The parties to this action;

b.      The parties' attorneys and their respective employees;

c.      Any witness from whom testimony is taken or will be taken in this action, except that the witness may be shown copies of Confidential Material only during his or her testimony and in preparation for the testimony, and only to the extent relevant to the testimony. The witness may not retain any Confidential Material;

d.      Consultants, experts, and investigators employed by the parties or their attorneys in the prosecution or defense of any aspect of this litigation;

e.      Court reporters used in connection with this action and their employees;

f.      The Court and its staff; and

g.      The jury, if any, in the trial of this case.

5.     No disclosure may be made to any person under Paragraphs 2(c), (d) or (e) until that person has executed an "Understanding and Agreement" in the form attached as Exhibit A. With respect to consultants, experts, and investigators employed by the parties to this litigation, Exhibit A must be fully executed by the consultant, expert, or investigator and retained by counsel for the party employing the consultant, expert, or investigator.  In the event that any consultant, expert, or investigator employed by the parties to this litigation ceases to be engaged in the preparation of this Action, access by such person to discovery material designated as Confidential shall be terminated.  Any such material in the possession of any such person shall be returned or destroyed.  The provisions of this Order and the obligations not to disclose any portions of such material shall remain in full force and effect as to all such persons.

6.     All persons described in paragraphs 2(a) through (g) above are prohibited from disclosing any portion of Confidential Material to any other person, or from using any information obtained from the Confidential Material, except as permitted by this stipulation.

7.     Nothing in this stipulation prevents the use of information that is publicly available.

8.     Any motion papers, briefs, memoranda, affidavits, declaration, exhibits, transcripts, or other papers filed with the Clerk of the Court that contain any Confidential Material must comply with the procedures for filing documents under seal set forth in Local Rules 79-5, 79-6, and 79-7.

9.     If any party or nonparty bound by this stipulation intends to disclose, discuss, or otherwise refer to any Confidential Material in open court at any hearing or trial, that person must notify the Court, the Designating Party, and all other parties to this action of its intention to do so, and must not disclose, discuss, or otherwise refer to the Confidential Material until permitted by the Court.

10.     A party's inadvertent failure to designate disclosed materials as Confidential Material does not waive its right to do so and may be remedied by prompt

written notice upon discovery of the error, in which case the material in question will be subject to the protections of this Order.

11.     The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not be deemed a waiver in whole or in part of any party's claims of confidentiality.  Moreover, where a Designating Party has inadvertently produced a document which the Designating Party later claims should not have been produced because of privilege, the Designating Party may at any time require the return of any such document.  A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production.  The inadvertent production of any document which a Designating Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Designating Party would have been entitled had the privileged document not inadvertently been produced.  If a Designating Party requests the return, pursuant to this Paragraph, of any such document from another party, the party to whom the request is made shall within THIRTY (30) days return to the Designating Party all copies of the document within its possession, custody, or control, including all copies in the possession of experts, consultants, or others to whom the document was provided.  In the event that only portions of the document contain privileged subject matter, the Designating Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document.

12.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, nor shall an inadvertent disclosure of material protected by privilege or work product protection constitute a waiver of such privilege or protection.

13.     Notwithstanding anything to the contrary in this stipulation, any party may use the following documents or information without restriction, regardless of whether they have been designated as Confidential Material:

a.     its own documents or information;

b.     documents that the party has previously received or sent, including final versions of letters and emails listing the party as a recipient or sender; and

c.     documents or information developed or obtained independently of discovery, including party and non-party discovery, in this action.

14.     This stipulation applies with equal force to any and all copies, extracts, compilations, summaries, and oral recitation of Confidential Material.

15.     Within sixty days of final termination of this action, or sooner if so ordered by this Court, counsel for the party receiving any Confidential Material must transmit all Confidential Material (including all copies) to counsel for the Designating Party.

16.     A party is not obligated to challenge the propriety of a confidentiality designation at the time it is made. Failure to do so does not preclude a subsequent challenge to the designation. In the event that counsel for a party receiving documents, testimony or information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific documents, testimony or information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). If the parties do not reach a resolution within two (2) weeks from receipt of the written Designation Objections (through, for example, the use of alternate documents, testimony, or information, redaction of the items, or de-designation of the items), the Designating Party shall have thirty (30) days from the end of that period to file a motion with the Court seeking to uphold any and all designations on documents, testimony or information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents,

testimony or information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are not addressed by a Designation Motion, then such documents, testimony or information shall be de-designated in accordance with the Designation Objection applicable to such material.

17.     Any dispute concerning the application of this Order will be heard by the Court upon motion by any party.

18.     If any Party has obtained Confidential Material under the terms of this Order and receives a request to produce such Confidential Material by subpoena or other compulsory process commanding the production of such Confidential Material, the Party must promptly (within 2 business days) notify the Designating Party via electronic mail and U.S. mail.  The notice shall identify the Confidential Material sought, the date set for the production of such subpoenaed information, and unless prohibited by applicable law, a copy of the subpoena or other compulsory process so that the Designating Party, at its sole expense, may take such action as it deems fit to control dissemination of the Confidential Material.  If an application for a protective order is made promptly and before the return date, the party shall not produce such Confidential Material prior to receiving the court order or the consent of the Designating Party.  In the event that Confidential Material is produced to a non-party to this Order, that material shall still be treated as Confidential Material by the parties to this Order.

19.     Nothing in this Order shall prevent a party from seeking modification of this Order.

20.     The parties agree that this stipulation binds them regardless of whether the Order is signed by the Court, unless the Court enters a different protective order in place of this stipulation.

///

7

21.     The terms of this Order shall survive and remain in effect after termination of this action.

DATED:  February 21, 2018                    GIANELLI & MORRIS

                                             By:   /s/ Adrian J. Barrio
                                                  ROBERT S. GIANELLI
                                                  ADRIAN J. BARRIO
                                                  Attorneys for Plaintiff,
                                                  LAWRENCE BRADFORD

DATED:  February 21, 2018                    REED SMITH LLP

                                             By:   /s/ Natasha Sung
                                                  Kurt C. Peterson
                                                  Kenneth N. Smersfelt
                                                  Junga Park Kim
                                                  Natasha Sung
                                                  Attorneys for Defendants,
                                                  ANTHEM, INC. and
                                                  ANTHEM UM Services, Inc.

## ORDER

Good cause having been shown within the above Stipulation, the Court orders that the terms of this Stipulated Protective Order shall govern the handling of such documents produced or disclosed by parties and nonparties in this case, LAWRENCE BRADFORD v. ANTHEM, INC. and ANTHEM UM SERVICES, INC.

**IT IS SO ORDERED** this **2nd** day of **March 2018**.

_____
                   Hon. Karen L. Stevenson

# EXHIBIT A

## Certification Re Confidential Discovery Materials

I hereby acknowledge that I, _____[NAME],

_____[POSITION AND EMPLOYER], am about to receive Confidential

Material supplied in connection with *Bradford v. Anthem, Inc., et al.*, Case No.: 2:17-cv-5098 AB (KSx). I certify that I understand the Confidential Material is provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in the action. I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Material, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such material, shall not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Action, any Confidential Material obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the action.

I further understand that I am to retain all copies of all Confidential Material provided to me in the action in a secure manner, and that all copies of such material are to remain in my personal custody until termination of my participation in

///
///
///
///
///
///
///
///
///
///

this action, whereupon the copies of such material will be returned to counsel who provided me with such material.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated:                                        BY: _____

                                                    _____
                                                    Signature

                                                    _____
                                                    Title

                                                    _____
                                                    Address

                                                    _____
                                                    City, State, Zip

                                                    _____
                                                    Telephone Number