NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BRADFORD, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>ANTHEM, INC.; ANTHEM UM SERVICES, INC.,<br><br>               Defendants. | Case No.: 2:17-cv-5098 AB (KSx)<br>Assigned to Hon. Andre Birotte, Jr. D-7B<br><br>[~~PROPOSED~~] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

The Motion of Plaintiff Lawrence Bradford ("Plaintiff"), on behalf of himself and the Class, for preliminary approval of the proposed class action settlement ("Settlement") reached with Defendants Anthem, Inc. and Anthem UM Services, Inc. and their Affiliates[1] (collectively, "Anthem") in this lawsuit (the "Litigation"), came on for hearing before this Court on January 11, 2019. Junga P. Kim and Natasha Sung appeared as attorneys for Anthem, and Robert S. Gianelli and Adrian J. Barrio appeared as attorneys for Plaintiff and the Class. After considering the Settlement Agreement, the moving papers, arguments of counsel, and all other matters presented to the Court, the Court finds that:

1. On July 11, 2017, Plaintiff filed a Class Action Complaint alleging (1) denial of ERISA plan benefits and for clarification of rights; and (2) breach of fiduciary duty and equitable relief under an ERISA plan, and seeking declaratory and injunctive relief on behalf of the class pursuant to 29 U.S.C. section 1132(a)(1)(B) and 29 U.S.C. section 1132(a)(3), and an individual claim for benefits under 29 U.S.C. section 1132(a)(1)(B).

2. Anthem denies each and every claim and contention alleged or otherwise made or pursued against it by Plaintiff in this Litigation. Anthem denies all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation.

3. The proposed Settlement resulted from an arms-length mediation session before Edwin Oster, Esq. of Judicate West and was concluded only after Plaintiff and Anthem conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiff's claims and Anthem's defenses.

---

[1] An Affiliate is any corporation or other legal entity owned or controlled, either directly or indirectly through parent or subsidiary corporations, by Anthem, Inc. and/or Anthem UM Services, Inc., or under common control with Anthem, Inc. and/or Anthem UM Services, Inc. Affiliates also include Blue Cross of California and Anthem Blue Cross Life and Health Insurance Company, as well as any corporation or other legal entity owned or controlled, directly or indirectly, by WellPoint Health Networks, Inc. or any of its predecessors or successors-in-interest.

1

4. Plaintiff and Class Counsel have agreed to settle the Litigation after considering such factors as (a) the benefits to Plaintiff and the Class provided by the Agreement; (b) the risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (c) the desirability of consummating the Agreement in order to provide relief to Plaintiff and the Class.  Anthem has concluded that further litigation would be protracted and expensive, and considers it desirable to settle this Action for the purpose of avoiding the expense, burden, inconvenience, and inherent risk of litigation and the concomitant disruption of its business operations.

5. The Parties have entered into a First Amended Settlement Agreement ("the Agreement") following a discussion at the January 11, 2019 hearing on Plaintiff's motion for preliminary approval. The Agreement makes a change to the Notice of Proposed Settlement of Class Action and Final Approval Hearing, attached to the Agreement as Exhibit A ("Notice"), to state in paragraph 10 that claim forms will be mailed following Final Approval. The Agreement also makes a change to the mailing of the Notice. Specifically, paragraph 19 of the Agreement now states that notice will be mailed in Priority Mail Flat Rate Envelopes that contain the following language on the front and back of the envelope: "IMPORTANT CLASS ACTION SETTLEMENT NOTICE RE ANTHEM'S DENIAL OF YOUR CLAIM FOR SERVICE." An exemplar of the envelopes is attached to the Agreement as Exhibit F.

6. The Court has reviewed the Agreement (and all the attachments thereto) and determined the proposed Settlement to be fair, reasonable, adequate, and within the range of possible approval.  The proposed Settlement does not improperly grant preferential treatment to Plaintiff or any segment of the Class.  The proposed Settlement is sufficient to warrant sending notice to the Class Members.  The procedures for establishing and administering the benefits provided by the proposed Settlement and for notice of the proposed Settlement, exclusion from the proposed Settlement, and objections to the proposed Settlement are fair, reasonable, and in the

best interests of the Class. **In particular, the Court finds that the revised notice procedure using Priority Mail Flat Rate envelopes marked front and back with the language stated above is the "the best notice that is practicable under the circumstances" and therefore satisfies Rule 23(c)(2)(B).**

7.  Based on Plaintiff's motion, the Memorandum of Points and Authorities, the Agreement, and all supporting exhibits and attachments, the Court preliminarily certifies for settlement purposes the Class, as defined in paragraph 8(b) of the Agreement, pursuant to Rules 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2). The Court hereby finds for settlement purposes that:

    (a) the numerosity requirement of Rule 23(a)(1) is satisfied because the proposed settlement class, comprised of 198 persons enrolled in ERISA-governed plans who had claims for two-level cervical artificial disc replacement surgery ("2C-ADR") denied by Anthem from August 24, 2013 through August 17, 2016 pursuant to Medical Policy SURG.00055, satisfies the requirement that a class be sufficiently numerous such that joinder of all members is impractical;

    (b) the commonality requirement of Rule 23(a)(2) is satisfied because the propriety of Anthem's denial of 2C-ADR during the relevant time period is a common issue;

    (c) the typicality requirement of Rule 23(a)(3) is satisfied because Plaintiff and all the proposed class members have suffered the same or similar injury: they have been denied 2C-ADR for their medical conditions;

    (d) the adequacy requirement of Rule 23(a)(4) is satisfied because (i) Class Counsel are qualified and competent to prosecute the Action vigorously, (ii) Plaintiff's interests are not antagonistic to the interests of the Class, and (iii) Class Counsel and Plaintiff have fairly and adequately protected the interests of the Class;

    (e) Rule 23(b)(1)(A) is satisfied because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to

individual members of the class which would establish incompatible standards of conduct for the party opposing the class;

   (f) Rule 23(b)(1)(B) is satisfied because adjudications with respect to individual class members would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

   (g) Rule 23(b)(2) is satisfied because Anthem has acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

  8. The Court has reviewed the notice provisions of Paragraph 18-23 of the Agreement and the Notice. The Court has determined that mailing the Notice to the last known addresses of the Class Members, as described above:

   (a) constitutes the best practicable notice under the circumstances;

   (b) is reasonably calculated to apprise Class Members of the pendency of the Litigation and of their right to object to or exclude themselves from the proposed Settlement;

   (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and

   (d) meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments.

  Accordingly, it is hereby **ORDERED AND DECREED AS FOLLOWS:**

  1. The Motion for Preliminary Approval is **GRANTED**. The Court preliminarily approves the proposed Settlement. All defined terms in the foregoing findings and this Order shall have the same meanings as in the Settlement Agreement.

  2. The Class, as defined in paragraph 8(b) of the Agreement, is preliminarily certified for settlement purposes only.

  3. The Court appoints the law firm of Gianelli & Morris as Class Counsel.

4.  A hearing (the "Final Approval Hearing") will be held on **Friday May 17, 2019 at 10:00 a.m.**, before the undersigned in the United States District Court for the Central District of California, Western Division, to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

5.  The Court approves the proposed Notice and the plan for giving notice.

6.  Anthem and Class Counsel are authorized to:

    (a)  establish the means necessary to administer the proposed Settlement, in accordance with the terms of the Agreement; and

    (b)  retain a Settlement Administrator to help administer the proposed Settlement, including the Mailed Notice.

7.  The Court appoints Rust Consulting as the Settlement Administrator to implement the terms of the Agreement.

8.  The Settlement Administrator shall mail the Notice to each Class Member in the Priority Mail Envelopes described in paragraph 19 of the Agreement, to his or her last known address no later than 28 days after entry of this Order, as described in the Agreement.

9.  The Settlement Administrator shall file proof of the mailing of the Notice at or before the Final Approval Hearing.

10. Class Counsel shall file their petition for approval of Class Counsel's fees, expenses, and class representative service award no later than 21 days after entry of this Order.

11. Each Class Member who wishes to exclude himself or herself from the Class must submit an appropriate, timely written request for exclusion, postmarked no later than 35 calendar days from the date the Notice was sent to the Class Members, to the address provided in the Notice, which states all of the following: (a) the name, address, and telephone number of the person requesting exclusion; and (b) a clear and unequivocal statement that the person wishes to be excluded from the Class.

12. Any Class Member who does not submit a timely, written request for exclusion in the form set forth in this Order shall be bound by all proceedings, orders, and judgments in the Litigation, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings against Anthem relating to the denial of a request for authorization or claim for reimbursement for 2C-ADR during the Class period.

13. Each Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Agreement, the proposed Settlement, or to the award of attorneys' fees and expenses shall send to the Administrator, no later than 35 calendar days from the date Notice was sent to the Class Members, a written statement of the objections, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence or other information the Class Member wishes to introduce in support of the objections. Class Members may object either on their own or through an attorney retained at their own expense. The written objection must also contain the Class Member's name, address, signature, and telephone number.

14. Any Class Member who files and serves a written objection, as described in Paragraph 13 above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement. Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must deliver a notice of intention to appear to Class Counsel and to Anthem's Counsel, and file that notice with the Court, no later than forty-five (45) calendar days from the date Notice was sent to the Class Members

15. Any Class Member who fails to file a timely objection in accordance with and containing the information required by this Order, will waive and forfeit any all rights he or she may have to appear separately and object, and will be bound by all the

terms of this Agreement and by all proceedings, orders, and judgments, including but not limited to the Release, in the Litigation.

16. Any Class Member who objects to the Settlement will be entitled to all of the benefits of the Settlement if it is approved, as long as the objecting Class Member complies with all requirements of the Agreement.

17. The Settlement Administrator will scan and email copies of each request for exclusion in PDF format (or any other agreed format) to Anthem's Counsel and to Class Counsel not more than five (5) business days after the Settlement Administrator receives such a request.

18. As part of the motion papers in support of Final Approval of the Settlement, the Settlement Administrator or Class Counsel will provide a list of all the persons who have requested exclusion from the Class.

19. Any Class Member may retract a prior request for exclusion by providing to Class Counsel and to Anthem's Counsel a written notice stating his or her desire to retract the request for exclusion from the Class by 12:00 p.m., Pacific Standard Time, five calendar days before the Final Approval Hearing. Any written notice retracting the request for exclusion also must include a statement that the Class Member makes the retraction freely and of his or her own volition, without coercion by anyone. Any Class Member who validly retracts a request for exclusion under this Paragraph will not be excluded from the Class, will be deemed to be an Class Member, and will be bound by the Settlement.

20. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the proposed Settlement or to comply with the terms of the Agreement.

21. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to

the terms of the Agreement; or (b) the Settlement is terminated in accordance with the terms of Agreement. In the event this occurs, the Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor this Order may be used in the Litigation or in any other proceeding for any purpose.

22. In no event shall the Settlement or any of its provisions, or any negotiations, statements, or proceedings relating to it be offered as, received as, used as, or deemed to be evidence in the Litigation, any other action, or in any other proceeding, except in a proceeding to enforce the Agreement. Without limiting the foregoing, neither the Agreement nor any related negotiations, statements, or proceedings shall be offered as, used as, or deemed to be evidence or an admission or concession by any person of any matter, including but not limited to any liability or wrongdoing on the part of Anthem.

23. The Court reserves the right to continue the Final Approval Hearing without further written notice to the Class, but will notify counsel for the Parties and any objectors or their counsel who have timely filed a notice of intention to appear in these proceedings. Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand or change any deadlines contained in this Order or the Agreement.

The Pretrial Conference and Jury Trial dates are vacated.

IT IS SO ORDERED.

DATED: January 30, 2019        By: _____
                                    Judge André Birotte Jr.