JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BRADFORD, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>  v.<br><br>ANTHEM, INC.; ANTHEM UM SERVICES, INC.,<br><br>                Defendants. | Case No.: 2:17-cv-5098 AB (KSx)<br>Assigned to Hon. Andre Birotte, Jr. D-7B<br><br>**REVISED [~~PROPOSED~~] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

The Motion of Plaintiff Lawrence Bradford ("Plaintiff"), individually and on behalf of the Class, for final approval of the class action settlement ("Settlement") reached with Defendants Anthem, Inc. and Anthem UM Services, Inc. and their Affiliates[1] (collectively, "Anthem") in this lawsuit (the "Litigation") came on for hearing before this Court on May 17, 2019.  Plaintiff and Anthem are collectively referred to herein as the "Parties." Junga P. Kim appeared as attorney for Anthem, and Robert S. Gianelli and Adrian J. Barrio appeared as attorneys for Plaintiff and the Class. After considering the Settlement, the moving papers, arguments of counsel, and all other matters presented to the Court it is hereby ORDERED, ADJUDGED, AND DECREED, as follows:

    1.    The Motion for Final Approval of Class Action Settlement is hereby GRANTED.

    2.    This Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment") incorporates and makes part hereof: (a) the Parties' Agreement filed on January 25, 2019, including Exhibits A to F [Dkt. No. 41] (collectively, the "Agreement"); and (b) the Court's findings and conclusions contained in its Order Granting Motion for Preliminary Approval of Class Action Settlement [Dkt. No. 42] (the "Preliminary Approval Order"). All defined terms in this Final Order and Judgment shall have the same meanings as in the Agreement.

    3.    All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.

    4.    The Court has personal jurisdiction over all members of the Class. The Court has subject matter jurisdiction over the claims asserted in this Litigation to approve the Settlement, the Agreement and all exhibits attached thereto. Venue is

---

[1] An Affiliate is any corporation or other legal entity owned or controlled, either directly or indirectly through parent or subsidiary corporations, by Anthem, Inc. and/or Anthem UM Services, Inc., or under common control with Anthem, Inc. and/or Anthem UM Services, Inc.  Affiliates also include Blue Cross of California and Anthem Blue Cross Life and Health Insurance Company, as well as any corporation or other legal entity owned or controlled, directly or indirectly, by WellPoint Health Networks, Inc. or any of its predecessors or successors-in-interest.

proper. The Agreement and Settlement are fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Class. The Court also finds that the Settlement resulted from an arms-length mediation session and was concluded only after Plaintiff and Anthem conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiff's claims, as well as Anthem's defenses. No objections have been made to the Settlement by any member of the Class. Accordingly, the Agreement and the Settlement are hereby finally approved.

5. The Class, as defined in paragraph 8(b) of the Agreement, is finally certified for settlement purposes.

6. The Court hereby directs the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions.

7. The notice requirement was satisfied in that the Class Administrator sent the Notice of Proposed Settlement of Class Action and Final Approval Hearing, attached to the Agreement as Exhibit A ("Notice"), to each Class Member, no later than 28 days after entry of the Preliminary Approval Order, via U.S.P.S. Priority Mail with the required court-ordered language on the front and back of each envelope ("IMPORTANT CLASS ACTION SETTLEMENT NOTICE RE ANTHEM'S DENIAL OF YOUR CLAIM FOR SERVICE"). The Notices were sent to each Class Member's last known address, and where necessary, further steps were taken in accordance with the Agreement to obtain updated addresses when the mail was returned as undelivered and to re-send the Notice. Class Members had the opportunity to object to the Settlement and the Agreement, or to exclude themselves from the Class, and they were informed of the date, time, and location of the Final Approval Hearing and had the opportunity to appear at the Final Approval Hearing. These procedures afforded protections to persons in the Class and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class

Members.

8. The Notice and all other instruments provided to the Class Members:

    (a) constituted the best practicable notice under the circumstances;

    (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement and to appear at the Final Approval Hearing;

    (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

    (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments, including the Due Process Clause.

9. Class Counsel and Plaintiff adequately represented the Class for purposes of entering into and implementing the Settlement.

10. Only one person has requested exclusion from the Class. A list showing the Class Member who has requested exclusion from the Class in accordance with the terms of the Agreement and the Preliminary Approval Order has been filed with the Court, is attached to this Order as Exhibit A, and is hereby approved. The identified individual is hereby excluded from the Class. The Court finds that Exhibit A is a complete list of all Class Members who have timely requested exclusion from the Class, and accordingly, such Class Member shall not be bound by this Final Order and Judgment or the Agreement.

11. Class Counsel are hereby awarded attorneys' fees and costs in the amount of $474,510.45 ("Class Counsel Payment"). This amount covers any and all claims for attorneys' fees, expenses, and costs incurred by any and all Class Counsel in connection with the Settlement of the Litigation and the administration of such Settlement. Class Counsel Payment shall be provided by Anthem to Gianelli & Morris in accordance with Paragraph 16 of the Agreement.

///

12. As an incentive award for participation as the Class Representative in the Action, the Court awards $15,000.00 to Plaintiff Lawrence Bradford. Anthem shall pay the incentive award in addition to any benefits that Plaintiff is entitled to receive as a Class Member. Anthem shall pay the incentive award in accordance with Paragraph 16 of the Agreement.

13. The release of claims set forth in the Agreement in Paragraphs 12 and 13 is incorporated herein and effective as of the date of this Final Order and Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Released Claims.

14. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and this Order, and for any other necessary purpose; *provided, however,* that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 17, 18, and 19 of this Final Order and Judgment. The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Agreement and the Settlement.

15. The Agreement is binding on, and has *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and any other Class Members, as well as their Related Parties that allege Released Claims, as defined in the Agreement.

16. Neither this Final Order and Judgment, nor the Agreement, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment or the Agreement is, may be construed as, or may be used as an admission or concession by or against Anthem of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Agreement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Plaintiff's claims

or Anthem's denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment or the Agreement; provided, however, that this Final Order and Judgment and the Agreement may be filed in any action against or by Anthem or the Class Members to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

17. The Parties are authorized, without further approval from the Court, to agree to and adopt such non-substantive amendments, modifications, or expansions of the Agreement and all exhibits attached thereto that are consistent with this Final Order and Judgment, and do not limit the rights of Class Members under the Agreement. Any substantive amendments, modifications, or expansions of the Agreement and the exhibits attached thereto shall require prior approval by the Court.

18. Any work product retained by Plaintiff or Class Counsel that is based on or incorporates information designated as Confidential Material pursuant to the terms of the Protective Order previously entered in this case and provided by Anthem shall be deemed Confidential Material pursuant to the terms of the Protective Order, and the disclosure or use of such materials shall be subject to the same restrictions as Confidential Materials pursuant to the terms of the Protective Order previously entered in this case.

19. Each and every Class Member who has not been excluded from the Settlement, and their Related Parties are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, except for claims to enforce the Settlement.

20. Section 1715(b) of the Class Action Fairness Act of 2005 requires a settling defendant to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official" a specified group of documents describing the settlement. Pursuant to section 1715(d), final approval cannot be issued earlier than 90 days after notice is given under section 1715(b). Anthem served the necessary documents upon the appropriate officials on December 6, 2018. This order is signed more than 90 days after Anthem served the documents. The Court therefore finds that Anthem is in full compliance with the Class Action Fairness Act, 28 U.S.C. section 1715.

21. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.

IT IS SO ORDERED.

DATED: May 21, 2019   By: _____
Judge André Birotte Jr.
United States District Court

EXHIBIT A

| *LAWRENCE BRADFORD V. ANTHEM, INC., et al*, 17-05098 AB (KSx) EXCLUSION REQUESTS / OPT-OUTS ||
|---|---|
| **NO.** **FIRST NAME** | **LAST NAME** |
| 1    JAMES BRADLEY | BARTON |

7